IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WILLIAMS,<br><br>    Plaintiff,<br><br>  v.<br><br>J.S. WOODFORD, et al.,<br><br>    Defendants.<br>_____ | No. C 04-5069 MMC (PR)<br><br>**ORDER DENYING PLAINTIFF'S MOTIONS FOR ACCESS TO THE LAW LIBRARY AND FOR FUNDS FOR EXPERT WITNESS**<br><br>(Docket No. 31 & 34) |

    Michael Williams, proceeding pro se and currently incarcerated in Pelican Bay State Prison ("PBSP"), filed the above-titled civil rights action under 42 U.S.C. § 1983 against various PBSP officials, alleging they caused him to be injured and to receive inadequate medical care. The Court ordered the complaint served on various defendants. The complaint was served, and defendants filed a motion to dismiss. Plaintiff filed an opposition, and defendants have filed a reply.

    On January 5, 2006, plaintiff filed a motion for "funds" to retain an expert witness pursuant to Rule 706 of the Federal Rules of Evidence. Rule 706(a) does not authorize the district court to provide plaintiff with funds for an expert witness or to appoint such a witness on plaintiff's behalf; rather, it permits the appointment of a neutral expert to assist the Court, where, e.g., the parties' have "warring experts." See In re High Fructose Corn Syrup Antitrust Litigation, 295 F.3d 651, 665 (7th Cir. 2002). At present, the Court is not in need of expert assistance. Should such a need arise in the future, the Court will order the parties to show cause regarding such appointment sua sponte.

    On March 17, 2006, plaintiff filed a motion in which he requests that the Court order

prison officials to provide plaintiff access to the law library, to allow plaintiff to meet his "deadline" of March 19, 2006.  Plaintiff has no such deadline; he already has filed his opposition to defendants' motion.  Additionally, plaintiff states that prison officials have put him on "cell study," under which prison officials bring plaintiff's requested legal materials to him in his cell.[1]  Although prison officials must ensure that prisoners "have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement," such officials are free to devise their own methods to reach that result.   See Lewis v. Casey, 518 U.S. 343, 352, 356 (1996) (stating right of access to courts "guarantees no particular methodology" by which prison officials must confer capability to pursue claims in court).  Although plaintiff has a right to reasonable access to legal materials to pursue this action, he does not have a right to view those materials in the SHU law library.  Prison officials shall, of course, provide plaintiff reasonable access to legal materials, as required by Lewis and its progeny.

     Accordingly, plaintiff's motions for access to the law library and for funds for an expert witness are DENIED.

     This order terminates Docket Nos. 31 and 34.

     IT IS SO ORDERED.

DATED: March 30, 2006

MAXINE M. CHESNEY
United States District Judge

---

[1] Plaintiff explains he is not allowed to go to the law library because on a previous occasion, while en route to that facility, he violated prison rules by passing a periodical to another inmate through a cell door.

2